Beatrice S. Burstein, J.
This is a proceeding pursuant to CPLR article 78. Petitioner and her two infant children are recipients of public assistance under the Aid to Families with Dependent Children (AFDC) program of the Nassau County Department of Social Services (DSS).
Petitioner and her family reside in a five-room rented apartment at a monthly rental of $280. Petitioner’s monthly AFDC grant is $293.85, of which $183.75 is budgeted by DSS as a monthly shelter allowance. In order to supplement her monthly shelter cost, a self-supporting adult daughter resided with petitioner and contributed $65 per month as rent for the one room she occupied.
On or about February 28, 1975 petitioner received from DSS *817 a notice of intent to reduce public assistance by $50 per month. In the notice DSS stated that it considered $50 of the $65 monthly payment as net income to petitioner, thereby reducing her need for public assistance. That position is predicated upon section 352.30 of the Regulations of the New York State Department of Social Services (18 NYCRR 352.30 [e]), which provides that any amounts paid by a lodger in excess of $15 per month shall be considered as income to a household receiving public assistance.
The determination was affirmed after a statutory fair hearing was held.
Petitioner urges the unconstitutionality of section 352.30(e). She claims that the conclusive presumption it creates, namely, that actual expenses involved in generating lodger income cannot exceed $15 per month, is so irrational as to violate due process. She contends as well that this conclusive presumption is inconsistent with applicable Federal rules and regulations, and so must fall.
Whether the presumption involved herein is so irrational and so effectively forecloses a challenge to its underlying assumptions as to violate due process (Vlandis v Kline, 412 US 441) need not be decided here. This is so because the challenged section contravenes both the Social Security Act and the regulations of the Department of Health, Education and Welfare, and so must be declared invalid.
AFDC was established pursuant to title IV of the Social Security Act of 1935, as amended (US Code, tit 42, §§ 301-1394). If a State elects to participate, its program must conform to the Social Security Act and to the regulations promulgated by the Department of Health, Education and Welfare (see US Code, tit 42, § 601 et seq.; King v Smith, 392 US 309). The primary basis for entitlement under AFDC is financial need. In determining financial need States are required by section 402 (subd [a], par [7]) of the act (US Code, tit 42, § 602, subd [a], par [7]) to: "take into consideration any other income and resources of any child or relative claiming aid to families with dependent children * * * as well as any expenses reasonably attributable to the earning of any such income. ” (Emphasis supplied.)
In interpreting this section the Supreme Court has held that a State may not adopt a standardized allowance of expenses chargeable against and to be deducted from income in determining the amount by which assistance levels are to *818 be reduced. Such determinations must be made on a case-to-ease basis (Shea v Vialpando, 416 US 251). In other words, the AFDC title of the Social Security Act forbids precisely the species of conclusive presumption found in section 352.30 (e).
By parity of reasoning section 352.30 (e) violates applicable regulations of the Department of Health, Education and Welfare. Those regulations (45 CFR 233.20 [a] [3] [ii]) provide.
"[I]n determining need and the amount of the [AFDC] assistance payments * * *
"(d) net income available for current use and currently available resources shall be considered * * *
"(e) income and resources will be reasonably evaluated.”
By permitting DSS to attribute as income to petitioner the entire amount of monthly lodger income less $15, where simple arithmetic shows that her expenses far exceed the aggregate of lodger income and shelter allowance, section 352.30 (e) contravenes this regulation.
Accordingly, judgment is granted in favor of petitioner annulling respondents’ determination and directing respondents to correct petitioner’s allowance to the level of assistance which would have been received by her had she not been chargeable with lodger income; to increase her public assistance allowance by $50 from the effective date of the prior $50 reduction; to make retroactive payments of $50 for each month such reduction was in effect; and declaring that section 352.30 (e) of the Regulations of the New York State Department of Social Services (18 NYCRR 352.30 [e]) is invalid and of no force and effect.